UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JESUS GONZALEZ,
     Plaintiff,

vs.

Case No: 23-cv-24028

JOEL INVESTMENTS, CORP.,
     Defendants.

## CONSENT DECREE

This Consent Decree is entered into by and between Plaintiff, JESUS GONZALEZ, ("Plaintiff") and Defendant, JOEL INVESTMENTS, CORP. ("Defendant"), (Plaintiff and Defendant are hereafter collectively referred to as the "**Parties**") The Parties state as follows:

**WHEREAS**, Defendant, JOEL INVESTMENTS, CORP. is the operator of real property located at 5258 SW 8TH St., Miami, Florida (the "**Premises**");

**WHEREAS**, Plaintiff filed this action, *Gonzalez vs. Joel Investments, Corp.*, in the U.S. District Court for the Southern District of Florida under Case No. 23-cv-24028 (**"Action"**), alleging, *inter alia*, that architectural barriers exist at the Premises which constitute violations of Title III of the Americans with Disabilities Act 42 U.S.C §§ 12101-12103, 12181 *et seq* ("**ADA**") and the American with Disabilities Act Accessibility Guidelines 28 C.F.R 28 C.F.R. § 36 ("**ADAAG**") to which Plaintiff seeks injunctive relief, attorneys' fees, costs and litigation expenses;

**WHEREAS,** Defendant has agreed to modify certain alleged Title III ADA and ADAAG violations alleged by Plaintiff which are readily achievable;

**WHEREAS,** the Defendant has agreed that some of the alleged Title III ADA and ADAAG violations, related to access for the disabled, which may exist at the Premises are not readily achievable pursuant to Title III ADA and ADAAG.

**WHEREAS,** the Defendant has agreed that some of the alleged Title III ADA and ADAAG violations, related to access for the disabled, which may exist at the Premises are not technically infeasible pursuant to Title III ADA and ADAAG

**WHEREAS,** subject to the terms of this Consent Decree, the Parties have agreed to resolve all matters in dispute between them relating to the Premises, including those raised, or that could have been raised, in the Action:

**WHEREAS,** in consideration of the mutual covenants and promised contained herein, the Parties agree to be legally bound by the following terms and conditions, which constitute full settlement of the Action:

1.      **Recitals**: The parties acknowledge that all of the "WHEREAS" clauses in the preceding paragraphs are incorporated as materials parts of this Consent Decree.

2.      **No Admission of Liability**: Plaintiff acknowledges that, except as set forth herein, this Consent Decree is not and shall not be construed as an admission by Defendant of any liability or any act of wrongdoing.

3.      **Release**: In consideration of the terms and conditions of this Consent Decree, Plaintiff hereby releases Defendant, and all of their present and former officers, directors, shareholders, members, managers, employees, owners, agents, insurers, lenders, contractors, attorneys, (hereinafter the "Released Parties") for any and all actions, causes of action, and suits for any relief including, but not limited to, claims for injunctive or declaratory relief, damages, attorneys' fees, costs, and any other element of relief or damages which Plaintiff claimed or

could have claimed in the Action against Defendant and the Released Parties relating to the Premises, whether in law or equity, arising under the ADA and the ADAAG or any other statute, code, policy, regulation or ordinance involving accessibility issues up to the date of this Consent Decree. This release excludes, and leaves unaffected, Defendant's obligations under Paragraph 4 below.

Further, Plaintiff releases Defendant's tenant at the Premises for the interior violations and agrees not to bring suit against the Defendant's tenant for violations at the Premises.

4.      **Modifications:** As specific consideration for entering into this Consent Decree for all claims asserted herein by the Plaintiff against Defendant, including the ADA and the ADAAG claims, Defendant shall alter, modify, and improve the architectural barriers/violations of the ADA at the Premises, as provided below, within eighteen (18) months after the Effective Date of the entry of the Consent Decree:

      **a.** Plaintiff understands and agrees that due to the leveling of the parking area and location and design of the parking area and the public sidewalk, it is not feasible to make the accessible parking space fully compliant with the ADA, as it would then violate the Florida Building Code—however, Defendant shall attempt to make the accessible parking space ADA compliant by adding proper striping and signage for parking;

      **b.** Plaintiff understands and agrees that the location of the kitchen and AC Closet design make any alternations regarding the restroom and restroom access not technically feasible to be compliant with the ADA. To be compliant would require a complete demolition and reconfiguration of the HVAC system and kitchen areas which is also not readily achievable.

**c.** Defendant shall not be responsible for performing any work to bring the interior of the Premises into compliance with the ADA—however, Defendant shall send a letter with tracking and a copy of the Complaint [DE#1] to the tenant and request that the tenant immediately, or as soon as reasonable able, bring the interior of the Premises into compliance with the ADA and ADAAG by remediating the violations listed in the Complaint [DE#1];

5.      The Parties agree that in the event Defendant has timely commenced the modifications required hereby, and has proceeded with the completion thereof in good faith and with due diligence, but has been delayed in the completion thereof due to acts of God, *force majeure*, or events beyond the control of Defendant, (such as inability to obtain building or zoning permits, failure of the City, County, or State inspectors to make inspections, contractor defaults, work stoppages, etc.), then, only to the extent the failure to timely complete does not result from Defendant's failure to act diligently and in good faith and provided that, before the expiration of time for completion of the requirements established hereby, Defendant provides Plaintiff's counsel with written notice of specific non-compliance and the reasons therefore, the time requirements established hereby shall be extended only to the extent necessitated by such acts of God or other events beyond Defendant's control. It is understood and agreed that if any permitting and/or regulatory public agency, denies approval of permits in whole or in part, then the Defendant shall immediately notify Plaintiff's counsel of such action and, in within thirty (30) days of said denial, seek a waiver from any such authorities in order to obtain approval from the appropriate authority, and if a wavier is not approved, to negotiate a reasonable alternative with the Plaintiff. In the event the Parties are not able to resolve any such issue(s), the Parties agree to submit same to the Court for the Southern District of Florida for a final determination.

Attorney's fees, costs and litigation expenses in any such event shall be governed by the provisions of Paragraph 10 herein.

6. **Maintenance of Accessible Features:** Defendant shall ensure that all respective accessible features referenced Paragraph 4 of this Consent Decree, are properly maintained, remain operable and in working order pursuant to the provisions of 28 CFR 36.211.

7. **Right of Inspection**: Upon Completion of the modifications as set forth in paragraph 4, Plaintiff, or Plaintiff's representative(s), may access the public areas of the Premises upon written notice to verify commencement, progress and completion of the work as set forth paragraph 4. Nothing in this Consent Decree shall be construed to restrict or limit Plaintiff from otherwise visiting or patronizing the Premises.

8. **Dismissal of Action**: Within 14 days of the execution of this Consent Decree, the Parties shall file a joint notice indicating that the matter has been resolved in accordance with this Consent Decree and requesting that, contingent upon the Court retaining jurisdiction for enforcement purposes, this Action be dismissed with prejudice.

9. **Attorneys' Fees, Litigation Expenses and Costs:** Although no liability is admitted herein, the Parties agree that Plaintiff is prevailing party for the purposes of entitlement to an award of reasonable attorney's fees, costs and litigation expenses, pursuant to 42 U.S.C. §12205. Accordingly, Defendant shall pay Plaintiff's attorney and legal counsel, **Alberto R. Leal, Esq., P.A.**, for attorney's fees, costs and litigation expenses, including the costs of Plaintiff's expert witness and consultant, incurred by the Plaintiff in this matter. The amount of attorneys' fees, costs and litigation expenses will be set forth in a separate binding confidential settlement agreement which upon execution will be material part of this Consent Decree, enforceable as such, and simultaneously executed herewith. Defendant shall have no role,

responsibility, liability or interest regarding how the settlement amount is allocated. Except as set forth herein, the Parties shall bear their own fees, expenses and costs related to this Action. Said amounts shall be due and payable to the **Alberto R. Leal, Esq., P.A.**, upon execution of this Consent Decree.

10. **Further Assurance**: In connection with this Consent Decree and the transactions contemplated hereby, each Party shall execute and deliver any additional documents and instruments and perform any additional acts that may be necessary or appropriate to effectuate and perform the provisions of this Consent Decree and the transactions contemplated hereby.

11. **Binding Nature of Consent Decree**: The Consent Decree shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of each party and their respective heirs, administrators, representatives, executors, successors, and assigns.

12. **Governing Law and Jurisdiction**: The Parties irrevocably consent to the exclusive jurisdiction of the United States District Court for the Southern District of Florida regarding any matter based upon arising out of this Consent Decree or matters contemplated herein. Additionally, defendant waives any jurisdictional defense to the maintenance of any action or proceeding so brought to enforce the terms of this Consent Decree.

13. **Interpretation**: The Consent Decree has been negotiated by and between the Parties and shall not be construed against either party as the "drafter".

14. **Modification of Consent Decree**: The Consent Decree may not be amended, revoked, changed, or modified in any manner, except upon a written agreement executed by all Parties. No waiver of any provision of the Consent Decree will be valid unless it is in writing and signed by the party against whom such waiver is charged.

15.     **Severability**: Any term or provision of this Consent Decree that is later deemed invalid or unenforceable, in any situation in any jurisdiction, shall not affect the validity or enforceability of the remaining terms and provisions hereof or the validity or enforceability of the offending term or provision in any other situation or in any other jurisdiction. If the final judgment of a court of competent jurisdiction declares that any term or provision hereof is invalid or unenforceable, the Parties agree that the court making the determination of invalidity or unenforceability shall have the power to reduce the scope, duration or area of the term or provision, to delete specific words or phrases, or to replace any invalid or unenforceable term or provision with a term or provision that is valid and enforceable and that comes closest to expressing the intention of the invalid or unenforceable term or provision, and this Consent Decree shall be enforceable as so modified after the expiration of the time within which the judgment may be appealed.

16.     **Entire Agreement**: This Consent Decree and the related Confidential Settlement Agreement sets forth the entire agreement between the Parties, and fully supersedes any and all prior agreements or understandings between the Parties pertaining to the subject matter hereof.

17.     **Headings**: The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretive of the contents of such provisions.

18.     **Signatures in Counterparts**: The Consent Decree may be executed in counterparts, each of which shall be taken to be one and the same instrument, as if all Parties had executed the same signature page. A fax or scanned and e-mailed copy of any party's signature shall be deemed as legally binding as an original signature.

19.     **Authority of Defendant**: Defendant hereby certifies that they are authorized to engage in business in the State of Florida and has the power and authority to execute and deliver this Consent Decree and to perform its obligations hereunder.

20.     **Authority of Plaintiff**: Plaintiff hereby certifies that Plaintiff has the power and authority to execute and deliver this Consent Decree and to perform its obligations hereunder.

21.     **Effective Date**: The **"Effective Date"** of the Consent Decree shall be the date that it is approved by the Court.

**[SIGNATURES ON FOLLOWING PAGE]**

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed the foregoing Consent Decree on the below listed dates:

By: _____
JESÚS GONZÁLEZ, Plaintiff

Dated: _____

By: _____
JOEL INVESTMENTS, CORP., Defendant

Agent: Ana Gali

Title: President

Dated: 11/1/23